IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA, EVANSVILLE DIVISION

| | |
|---|---|
| MARALU POLLOCK ) <br> ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> SATYAM, INC., d/b/a HOLIDAY ) <br> INN LACKLAND HOTEL, and ) <br> INTER-CONTINENTAL HOTELS ) <br> CORPORATION, d/b/a HOLIDAY ) <br> INNS, INC.; ) <br> ) <br>         Defendants. ) <br> ) | No.  3:11-CV-0009-RLY-WGH |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO ENGAGE
IN FURTHER DISCOVERY**

NOW COMES Plaintiff, MARALU POLLOCK, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and moves this Court for leave to engage in further discovery so that Plaintiff can adequately respond to Defendant's motion to dismiss. In support thereof, Plaintiff states as follows:

1.    This is a personal injury action arising out of injuries sustained by Plaintiff on January 13, 2009 at Defendant's, SATYAM, INC., d/b/a HOLIDAY INN LACKLAND HOTEL'S premises located in San Antonio, Texas.

2.    On January 13, 2011, Plaintiff filed her Complaint at Law against Defendants, SATYAM, INC., d/b/a HOLIDAY INN LACKLAND HOTEL (hereafter "SATYAM"), and

INTER-CONTINENTAL HOTELS CORPORATION, d/b/a HOLIDAY INNS, INC (hereafter "INTER-CONTINENTAL").

3.    Based upon information and belief, a waiver of service was mailed on or about January 13, 2011 to both Defendants.

4.    On October 18, 2011, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(3), 12(b)(5), and 41(b).

5.    On October 26, 2011, Plaintiff filed two unopposed motions for leave to engage in discovery and for an extension of time to respond to Defendants' Motion to Dismiss so that Plaintiff could obtain the knowledge necessary to respond to the jurisdictional issue that has been asserted by Defendants in its Motion.

6.    On October 28, 2011, this Court granted both of Plaintiff's aforementioned motions, allowing Plaintiff sixty (60) days to engage in discovery.

7.    On October 28, 2011, this Court also set the date of December 22, 2011 for Plaintiff to file responsive pleadings to Defendant's Motion to Dismiss.

8.    Since this Court's October 28, 2011 order, Plaintiff has issued interrogatories, requests to admit, requests for production *and* supplemental requests for production to both Defendants as a means to uncover the relationship held between the Defendants as well as said Defendants' activities in the state of Indiana.

9.    On December 6, 2011, Plaintiff took the deposition of Pratik Patel (hereafter "Mr. Patel"), the general manager of SATYAM and the individual who signed the affidavit attached to Defendants' Motion to Dismiss.

10.    During the deposition of Mr. Patel, Counsel for Plaintiff discovered that Mr. Patel's father, Ravindra D. Patel, is the individual who entered into the aforementioned

agreement and consequently, Counsel for Plaintiff believes it necessary to depose Ravindra D. Patel so that Counsel for Plaintiff can obtain relevant and important information regarding the license agreement held by SATYAM.

11. In addition to the necessity to depose Ravindra D. Patel, Counsel for Plaintiff wishes to depose Oscar Sanchez, who Mr. Patel testified to be SATYAM'S area manager *and* SATYAM'S contact person for INTER-CONTINENTAL.

12. During the deposition of Mr. Patel, Plaintiff further discovered that SATYAM is required to pay INTER-CONTINENTAL fees for "training, royalties, reservation loyalty programs, marketing fees and other minor fees" and that SATYAM is required to follow certain rules and procedures put in place by INTER-CONTINENTAL. (See Deposition of Mr. Patel, p. 18-19, 29-32, attached hereto as Exhibit A).

13. In direct contradiction to Mr. Patel's deposition testimony, INTER-CONTINENTAL, in its answers to Interrogatories, states that it does *not* require "any hotels" to follow certain tasks, policies and/or procedures. (See Inter-Continental Answers to Interrogatories, attached hereto as Exhibit B).

14. On December 15, 2011, Plaintiff took the deposition of David Hom (hereafter "Mr. Hom"), who, according to his affidavit attached to Defendants' Motion to Dismiss, is the Vice-President and Secretary of INTER-CONTINENTAL. (See Affidavit of Mr. Hom, attached hereto as Exhibit C).

15. In direct contradiction to said affidavit, during the deposition of Mr. Hom, Mr. Hom testified that he was *not* an employee of INTER-CONTINENTAL but was rather an employee of Six Continents Hotels, Inc., which Mr. Hom described as an indirect subsidiary of

3

Intercontinental Hotels Group, PLC, a British corporation. (At the time of this filing, Plaintiff was unable to obtain a copy of Mr. Hom's Deposition).

16. Additionally, during Mr. Hom's deposition, Mr. Hom repeatedly testified that he was without sufficient knowledge to answer questions with regards to the following issues: the license agreement, to whom the fees derived from licensees are paid to, whether INTER-CONTINENTAL and/or its parent corporation derives financial benefits from doing business in the state of Indiana, whether INTER-CONTINENTAL pays taxes in the state of Indiana, whether INTER-CONTINENTAL has or maintains bank accounts in the state of Indiana *or* the basis for INTER-CONTINENTAL being listed as an additional insured on the insurance policy held by SATYAM.

17. Furthermore, during Mr. Hom's deposition, Mr. Hom provided Counsel for Plaintiff with names of individuals likely to possess sufficient knowledge to answer the questions that Mr. Hom lacked sufficient knowledge to answer:

   a. Richard Solomons, CFO and Director of Intercontinental Hotels Group, PLC;
   b. Kirk Consell, President of Americas Region of Six Continents Hotels, Inc.;
   c. Robert Gunkel, head of finance for Americas Region of Six Continents Hotels, Inc.;
   d. Melinda Culp and Tammy England, individuals with knowledge regarding wire transfers, bank accounts and treasury function;
   e. Joel Iseman, head of Holiday Inn Franchise Sales Group;
   f. Jim Anhut; preceding head of Holiday Inn Franchise Sales Group; and
   g. Jenny Tidwell; head of franchise administration.

18. In light of Mr. Hom's inability to provide Counsel for Plaintiff with facts regarding whether or not Defendants conduct business in the state of Indiana, Plaintiff's Counsel wishes to depose other individuals who *do* possess sufficient knowledge to answer questions regarding whether or not Defendants conduct business in the state of Indiana.

19. As soon as Plaintiff is able to obtain sufficient information regarding whether or not Defendants conduct business in the state of Indiana, Plaintiff will cease with deposing additional individuals.

20. Based on the written and oral discovery that has ensued since this Court's October 28, 2011 order, Plaintiff believes that Defendants are involved in multiple and intricate layers of entities and that Intercontinental Hotel Group is in fact a trade name for hundreds of companies including its parent Corporation, Intercontinental Hotels Group, PLC and other subsidiaries such as Six Continents Hotels, Inc., Holiday Inns Franchising, Inc., and many others, most of which Plaintiff believes *are* doing business in the state of Indiana.

21. Based on the multiple corporate layers involved in this matter and Plaintiff's inability to obtain necessary information regarding Defendants' business activities in the state of Indiana from those individuals already deposed, Plaintiff requires additional time to engage in further discovery so that Plaintiff can obtain the information necessary to adequately respond to Defendants' Motion to Dismiss.

22. Plaintiff will be highly prejudiced if this court does not allow Plaintiff to engage in further discovery since Plaintiff is without sufficient knowledge as to whether or not Defendants conduct business in the state of Indiana.

23. The granting of this motion will not prejudice any party to this case and is not intended to delay the adjudication of this matter.

24. Moreover, based on the facts learned during discovery, Plaintiff plans to file a motion seeking leave from this Court to amend its Complaint at Law to add additional appropriate entities.

25. To date, Counsel for Plaintiff has offered to dismiss our lawsuit against Defendant, INTER-CONTINENTAL, and pursue directly against Defendant, SATYAM, in the state of Texas, in exchange for an agreement by Defendants to waive any argument relating to issues regarding service of process, since in SATYAM'S answers to requests to admit, SATYAM admitted that it received notice of Plaintiff's attorney's lien and that SATYAM turned said notice over to its insurance company, who is also the insurance company for Defendant, INTER-CONTINENTAL, however, just prior to this filing, said offer was rejected. (See Satyam's Answers to Requests to Admit, attached hereto as Exhibit D).

WHEREFORE Plaintiff, MARALU POLLOCK, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, respectfully requests that this Honorable Court enter an order granting leave for Plaintiff to engage in further discovery for an additional thirty (30) days, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

/s Gina A. DeBoni
Gina A. DeBoni
ROMANUCCI & BLANDIN, LLC
33 North LaSalle Street, 20th Floor
Chicago, Illinois 60602
T: (312) 458-1000
F: (312) 458-1004
*Admitted Pro Hac Vice*
*Attorney for Plaintiff*

## Certificate of Service

       I certify that on the 16th day of December, 2011, a copy of "Emergency Motion For Leave to Engage in Further Discovery" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Timothy Born  
Terrell, Baugh, Salmon & Born, LLP  
700 South Green River Road  
Suite 2000  
Evansville, IN 47715  
T: (812) 479-8721  
F: (812) 474-6059  
E-mail: tborn@tbsblaw.com  

                                                /s Gina A. DeBoni  
                                                Gina A. DeBoni