UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARALU POLLOCK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 3:11-cv-9-RLY-WGH |
| | ) | |
| SATYAM, INC., d/b/a HOLIDAY INN | ) | |
| LACKLAND HOTEL, and | ) | |
| INTER-CONTINENTAL HOTELS | ) | |
| CORPORATION, d/b/a HOLIDAY INNS, INC., | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

This matter is before the court on Defendants' Motion to Dismiss. Also before the court is Plaintiff's Motion for Leave to File First Amended Complaint and Plaintiff's Motion for Leave to Amend.

**I.    Background and Procedural History**

On January 14, 2011, Plaintiff, Maralu Pollock, filed her original Complaint, alleging that she was an invitee at Defendants' hotel in San Antonio, Texas, where she fell and was injured on January 13, 2009. Plaintiff further alleges that her injuries were the result of Defendants' negligence because the area where she fell was not properly illuminated.

Defendants filed the instant Motion to Dismiss, arguing that: (1) this suit must be

1

dismissed because service of process was not obtained until 200 days after the two-year statute of limitations had run; (2) the court should dismiss this action for failure to prosecute; (3) the court lacks personal jurisdiction over Defendants because they have no minimum contacts with Indiana; and (4) even if the case is not dismissed, venue should be transferred to the United States District Court for the Western District of Texas. Having examined the relevant legal authorities, as well as the arguments of the parties, the court concludes that Defendants' Motion to Dismiss must be granted.

**II.    Analysis**

   **A. The Court Must Apply Indiana's Choice of Law Rules**

This is a suit brought pursuant to the court's diversity jurisdiction. While a federal court sitting in diversity jurisdiction applies its own procedural laws, it must apply the substantive laws of the state in which it sits. *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir. 2004). This includes the forum state's choice of law rules. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). We must, therefore, use Indiana's choice of law rules.

   **B.  Indiana Choice of Law Rules Call for the Application of Texas Law**

In tort cases such as this, the presumption is that Indiana courts apply the traditional rule of lex loci delicti. *Allen v. Great Amer. Reserve Ins. Co.*, 766 N.E.2d 1157, 1164 (Ind. 2002). This rule provides that a court will apply the substantive law of the state where the wrong was committed. *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987). That is "the state where the last event necessary to make

2

an actor liable for the alleged wrong takes place." *Id*. The presumption that lex loci delicti applies may be overcome if the court concludes that the place of the tort bears little connection to the legal action. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).

In this case, the evidence indicates that Plaintiff was allegedly injured in a hotel parking lot in San Antonio, Texas. Plaintiff asserts that her injuries were the result of poor lighting in the area. Applying Indiana's rule of lex loci delicti, the alleged wrong was committed in Texas and none of the parties have attempted to demonstrate that Texas bears little connection to this legal action. Therefore, the court will apply Texas law in this case.

### C. Texas Law Requires Dismissal of This Suit

Under Texas law, Plaintiff's suit must be dismissed because she failed to obtain service of process before the two-year statute of limitations period expired. As the United States Supreme Court has explained, typically, when a suit is brought based upon a right created by federal law, the filing of the complaint is enough to satisfy the statute of limitations. However, when the parties are in federal court based on a state-created right, "a plaintiff must serve process before the statute of limitations has run, *if* state law so requires for a similar state-court suit." *Henderson v. United States*, 517 U.S. 654, 657 n.2, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)(emphasis in original).

In this instance, Texas law provides that a party, in order to "bring suit" within a particular limitations period, must not only file suit within the limitations period, but must also obtain service before the statute of limitations has run. *Gant v. DeLeon*, 786 S.W.2d

3

259, 260 (Tex. 1990). "When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Id*. Once a defendant has raised the expiration of the limitations period as a defense and demonstrated that service of process was not obtained within the limitations period, then the burden shifts to the plaintiff to explain the delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). The plaintiff must present evidence of all efforts she made to effectuate service and explain every lapse in effort or period of delay. *Id*. In determining whether or not a plaintiff was diligent, the court assesses whether the plaintiff (1) acted as an ordinarily prudent person would act under the same or similar circumstances, and (2) was diligent up until service upon the defendant. *Id*. Whether or not a plaintiff was diligent is generally a question of fact that can be resolved by examining the time it took to obtain service and the type of effort or lack of effort that the plaintiff expended in procuring service. *Id*. However, delays of five and six months in any attempt to obtain service have been held to constitute a lack of due diligence *as a matter of law*. *Nabelek v. City of Houston*, 2008 WL 5003737 at *7 (Tex. App. 2008).

In this case, Plaintiff made no effort to effectuate service[1] whatsoever for 200 days,

---

[1]Plaintiff's counsel at the time the Complaint was filed has indicated that Waivers of Service were prepared (Plaintiff's Response to Defendants' Motion to Dismiss at 3), but no evidence has been presented to demonstrate that they were actually ever sent. Furthermore, Plaintiff has presented no evidence of what actual efforts were made to effectuate service for the 200 days after January 14, 2011, including the 45 days after the court issued a Show Cause Order.

4

from January 14, 2011, when the suit was filed until August 1, 2011, when Plaintiff finally issued Summons. Furthermore, the court issued a Show Cause Order on June 17, 2011, informing Plaintiff that Defendants had not been served and ordering Plaintiff to show cause why the suit should not be dismissed for lack of service of process. Despite the Show Cause Order, Plaintiff still did not issue Summons for 45 days. The 200-day delay in service, the fact that there is no evidence that Plaintiff ever made any attempt to effectuate service during the entire period, and the fact that Plaintiff was issued a Show Cause Order and still did not attempt to serve Defendants for 45 days, all lead the court to conclude that Plaintiff has failed to demonstrate the type of "due diligence" in effectuating service that is required under Texas law. Under these circumstances, the late service does not relate back to the timely-filed Complaint. Consequently, this suit must be dismissed because, under Texas law, Plaintiff did not bring suit within the two-year limitations period.[2]

**D. Plaintiff's Request for Leave to File First Amended Complaint is Denied**

After Defendants filed their Motion to Dismiss, Plaintiff then filed a Request for Leave to File First Amended Complaint. Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should

---

[2] Because this suit must be dismissed for failure to be brought within the statute of limitations period, the court need not address Defendants' arguments concerning lack of personal jurisdiction.

be freely given when justice requires. In this instance, the court must dismiss the original Complaint because, under Texas law, Plaintiff did not bring suit within the statute of limitations period. Plaintiff's First Amended Complaint attempts to add new defendants after the expiration of the limitations period, but this can only occur if the First Amended Complaint relates back to the original Complaint. Because the original Complaint must be dismissed, there is no original Complaint to relate back to, and the First Amended Complaint is, therefore, futile.[3]

**III. Conclusion**

For the reasons outlined above, Defendants' Motion to Dismiss (Docket # 27) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. Plaintiff's Motion for Leave to File First Amended Complaint (Docket # 50) is **DENIED**. Plaintiff's Motion for Leave to Amend (Docket # 55) is **DENIED** as moot.

**SO ORDERED** this 6th day of April 2012.

                                            RICHARD L. YOUNG, CHIEF JUDGE
                                            United States District Court
                                            Southern District of Indiana

---

[3] Additionally, because Plaintiff is not permitted to file an Amended Complaint in this instance, Plaintiff's Motion for Leave to Amend which seeks leave to amend the prayer for relief contained in Plaintiff's Amended Complaint must also be DENIED as moot.

Electronic Copies to:

Stephan D. Blandin
ROMANUCCI & BLANDIN LLC
sblandin@rblaw.net

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com

Gina A. DeBoni
ROMANUCCI & BLANDIN LLC
gdeboni@rblaw.net

Michael E. Holden
ROMANUCCI & BLANDIN LLC
mholden@rblaw.net

Antonio Maurizio Romanucci
ROMANUCCI & BLANDIN
amr@rblaw.net